IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSSELL LEE                                                                                           PLAINTIFF

      v.                              Civil No. 4:08-cv-04102

MILLER COUNTY, ARKANSAS;
SHERIFF RAMBO; WARDEN
JANICE NICHOLSON;
SGT. DOLLY SIMMONS;
DON THORNELL, Acting Sheriff
of Miller County; SGT. BAYLESS;
MAJOR G. TURNER; and
WARDEN NEFF                                                                                        DEFENDANTS

## ORDER

Pending before me are the following motions filed by the Plaintiff: (1) a motion for the release of related documents and all discovery (Doc. 44); (2) a motion requesting court orders for the release of medical and mental health records (Doc. 45); (3) a motion to amend the complaint (Doc. 46); and (4) a motion for the appointment of amicus curiae (Doc. 49). I will address each motion in turn.

*Motion for the Release of Related Documents and All Discovery* **(Doc. 44)**

This document is actually Plaintiff's initial discovery requests. **Defendants are directed to treat this motion as Plaintiff's request for the production of documents.** Under Federal Rule of Civil Procedure 34 Defendants have thirty days to respond to the requests. Once Defendants respond, if Plaintiff believes the responses are inadequate, he may file a motion to compel with the court. Prior to filing a motion to compel, Plaintiff is required by the rules of this court to attempt to work out in good faith any discovery dispute with the Defendants' counsel. If the dispute over the

responses cannot be worked out, Plaintiff should file a motion to compel and state in the motion to compel what responses he believes are inadequate, why he believes the responses are inadequate, and attach to the motion the discovery responses. The motion for release of documents (Doc. 44) is denied.

### *Motion for Court Order Directing the Release of Medical and Mental Health Records* **(Doc. 45)**

Plaintiff asks that the court obtain all his medical records and records of any treatment for mental health conditions from the following facilities: the Arkansas Department of Correction; the Miller County Jail; the Southwest Arkansas Mental Health; the Federal Bureau of Prisons in Ayer, Massachusetts; and the Federal Bureau of Prisons, Central Office, in Washington, D.C. Plaintiff has not provided sufficient information for the court to know whether or not subpoenas should be issued for these records. The motion (Doc. 45) is denied.

Plaintiff may file a second motion requesting the court to issue subpoenas for these records. In his motion, with respect to each facility, Plaintiff should indicate: the approximate dates he was incarcerated or treated at the facility; who he was treated by and/or what conditions he was treated for; and how he believes the records are relevant to the claims he asserts in this case.

### *Motion to Amend the Complaint* (Doc. 46)

Plaintiff seeks to amend his complaint to specify a variety of ways in which he believes he was subjected to unconstitutional conditions of confinement while incarcerated at the Miller County Jail. Further, he seeks to allege the overall, or totality of, conditions amounted to a violation of his civil rights. The motion to amend (Doc. 46) is granted. **The clerk is directed to file the motion to amend as an amended or supplemental complaint.**

*Motion for Appointment of an Amicus Curiae* **(Doc. 49)**

Plaintiff asks the court to name the United States Department of Justice and the United States Attorney for the Western District of Arkansas as amicus curiae for him. He maintains the court would benefit greatly if the facts alleged in the complaint were fully investigated. Plaintiff states he understands that amicus counsel would not be there to assist either him or the Defendants. However, he maintains counsel will be able to investigate more fully than he is able to do so himself.

The decision whether to appoint an amicus is discretionary. *See e.g., Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). There is, as Plaintiff recognizes, a distinction in function between counsel appointed to represent the Plaintiff and amicus counsel appointed to assist the court. *See e.g., United States v. Dougherty*, 473 F.2d 1113, 1125 n. 18 (D.C. Cir. 1972).

Having carefully reviewed the complaint, the court does not believe the appointment of amicus curiae counsel is justified in this case. This case does not involve any novel questions of law. Plaintiff is able to conduct discovery and has demonstrated an ability to understand the law as it relates to his claims. There do not appear to be any insurmountable obstacles preventing the parties from presenting the relevant facts to the court. *See e.g., Firestone Tire & Rubber Co. v. Pension Ben. Guar.*, 695 F. Supp. 43 (D.D.C. 1988). The motion (Doc. 49) is denied.

**DATED** this **1st day of June 2009.**

/s/ Barry A. Bryant
 BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE