IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSSELL LEE                                                                                          PLAINTIFF

      v.                          Civil No. 4:08-cv-04102

MILLER COUNTY, ARKANSAS;
SHERIFF RAMBO; WARDEN
JANICE NICHOLSON;
SGT. DOLLY SIMMONS;
DON THORNELL, Acting Sheriff
of Miller County; SGT. BAYLESS;
MAJOR G. TURNER; and
WARDEN NEFF                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Russell Lee, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 23, 2008. He proceeds *in forma pauperis* and *pro se.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On March 4, 2009, Plaintiff filed a motion to amend the complaint (Doc. 21). He sought to add Major G. Turner and Warden Neff as Defendants. He maintained they had retaliated against him for attempting to work out a settlement of this lawsuit. Specifically, he indicated they had threatened to block his transfer to the Arkansas Department of Correction. The motion to amend (Doc. 21) was granted by order entered on march 23, 2009 (Doc. 27).

Major Turner and Warden Neff were served and answered the complaint on April 8, 2009 (Doc. 40). On April 20, 2009, Plaintiff filed a motion to amend his complaint (Doc. 47). In the motion to amend he asks to dismiss Major Turner and Warden Neff as Defendants (Doc. 47).

I recommend that the motion to amend be construed to be a motion to dismiss and the motion be granted (Doc. 47). All claims against Major Turner and Warden Neff should be dismissed.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of June 2009.**

        /s/ Barry A. Bryant
        BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE