IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSSELL LEE                                                                 PLAINTIFF

        v.                   Civil No. 4:08-cv-04102

MILLER COUNTY, ARKANSAS;
SHERIFF RAMBO; WARDEN
JANICE NICHOLSON;
SGT. DOLLY SIMMONS;
DON THORNELL, Acting Sheriff
of Miller County; and SGT. BAYLESS                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Russell Lee (hereinafter Lee), filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On October 29, 2009 (Doc. 67, Doc. 68 & Doc. 69), Defendants filed a motion for summary judgment. On December 17, 2009, an order (Doc. 70) was entered directing Lee to complete an attached notice regarding the summary judgment motion. The notice required Lee to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

Lee was directed to return the attached notice by January 11, 2010. Lee was advised (Doc. 70) that if he failed to return the attached notice by January 11, 2010, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

To date, Lee has not returned the notice. He has not requested an extension of time to file the notice. The Court's order was sent to address contained on the docket sheet. This address was

provided to the Court by Lee. The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Lee's failure to obey the order of the court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE